## ALVAREZ ET AL. *v.* EL REGISTRADOR DE LA PROPIEDAD.

### Recurso gubernativo contra nota del Registrador de la Propiedad de Guayama.

No. 17.—Resuelto en febrero 28, 1907.

AGUAS PÚBLICAS—CONCESIONES DE AGUAS PARA RIEGOS—INSCRIPCIÓN.—Aunque las concesiones administrativas de aguas públicas para riego ú otros aprovechamientos especiales, son títulos inscribibles en el registro de la propiedad, sin embargo, como no autorizan á los concesionarios para disponer libremente de las aguas, sino en el aprovechamiento especial para que fueran concedidas, *no pueden inscribirse aisladamente,* sino con relación *á la finca* para cuyo beneficio fueran concedidas y *como un derecho inherente á la misma.*

ID.—AGUAS DE PROPIEDAD PARTICULAR.—La anterior doctrina no es aplicable á los contratos relativos á las aguas de propiedad particular, pues éstas pueden enagenarse libremente, y los títulos son inscribibles en el registro, siempre que modifiquen de algún modo las facultades del dominio sobre bienes inmuebles.

ID.—No estando inscrita en el caso de autos, á favor de los recurrentes, la finca para el riego y aprovechamiento de la cual les fueron otorgadas las concesiones de aguas que pretenden inscribir á su favor, separada é independientemente de aquella finca, procede se deniegue la inscripción.

Los hechos están expresados en la opinión.

Abogado de los recurrentes: *Sr. López Landrón.*

EL JUEZ PRESIDENTE SR. QUIÑONES emitió la opinión del tribunal.

Visto el presente recurso gubernativo interpuesto por el abogado Don Rafael López Landrón, á nombre de Don Guillermo Alvarez y la Sucesión de Don Ciprián Blondet contra negativa del Registrador de la Propiedad de Guayama á inscribir dos concesiones de aguas públicas.

*Resultando:* que por acuerdo del Gobierno Superior Civil de esta Isla de 15 de septiembre de 1873 se autorizó á Don Guillermo Alvarez y Don Ciprián Blondet, dueños de la hacienda "Adela," del término municipal de Patillas, para tomar 32 litros de agua por segundo del río del "Real" con destino al riego de 41 hectáreas 55 áreas 61 centiáreas de terrenos de la expresada hacienda "Adela," entendiéndose que en dicha cantidad de agua iba comprendida la necesaria para el surtido de las máquinas y de las fábricas con sujeción á las

condiciones expresadas en dicha concesión, entre ellas, la de que los concesionarios quedarían sujetos á todas las obligaciones generales que en tal concepto señalaba la ley de aguas, entonces vigente, y gozarían de los mismos beneficios y derechos que, según la misma, le correspondían; y que por otra resolución del mismo Superior Gobierno de 10 de junio de 1876, se autorizó á Don Ciprián Blondet, como dueño de la hacienda "Adela," para aprovechar además de los 32 litros concedidos para el riego de su expresada hacienda, 150 litros más de las aguas del mismo río, con objeto de dar movimiento á la rueda hidráulica destinada á la industria de la fabricación del azúcar en la misma finca, con la condición, entre otras, de que reunidas todas las aguas concedidas en el depósito ó partidor marcado en el plano que se acompañaba á la solicitud, para su distribución, se establecería un módulo para los 32 litros relativos al riego, continuando los restantes por el canal de condución á la rueda hidráulica, devolviéndose éstos íntegramente al cauce del río por el camino más corto, según se figuraba en los planos, después de haber ejercido su efecto sobre el artefacto, que toda la línea de canales comprendida entre el punto de toma y el de desagüe, se construiría con el esmero suficiente para evitar pérdidas de agua por derrames ó por filtraciones.

*Resultando:* que presentadas en el Registro de la Propiedad de Guayama para su inscripción en el mismo, dos copias certificadas de las referidas concesiones, expedidas por el jefe de la sección de archivos del Departamento del Interior, donde se encontraban los originales, con el visto bueno del Hon. Comisionado de dicho Departamento, le fué denegada la inscripción por el registrador de la propiedad por los fundamentos que expresa la nota puesta por él mismo á continuación de dichas certificaciones, la que, copiada á la letra, dice así:

"Denegada la inscripción de los documentos que preceden por no existir en la actualidad ninguna hacienda con el nombre de 'Adela'

en el término de Patillas, puesto que lo que existió con ese nombre, fué vendida en distintos trozos, apareciendo en la inscripción de uno de ellos á favor de los Sres. Fantauzzi hermanos, que en la venta de ese predio hecha por Don Hipólito Gautier, quien había adquirido la hacienda en remate público á la sucesión de Don Ciprián Blondet, se incluyeron las obras inherentes á un canal de riego, para tomar 32 litros de agua por segundo del río del 'Real'; anotándose preventivamente esa denegación al fólio 228 del tomo 2°. de Patillas, finca No. 88, anotación letra A.—Guayama, septiembre veinte y siete de mil novecientos seis.''

*Resultando:* que contra esta nota ha interpuesto el abogado Don Rafael López Landrón á nombre de Don Guillermo Alvarez y la Sucesión de Don Ciprián Blondet el presente recurso gubernativo ante este Tribunal Supremo, para que se revoque dicha nota y el registrador proceda á verificar la inscripción especial, separada é independiente de las referidas concesiones de aguas públicas del río del ''Real,'' á favor de los concesionarios Señores Blondet y Alvarez, según los términos y condiciones de las mismas.

*Considerando:* que si bien con arreglo al art. 27 del Reglamento de la Ley Hipotecaria en esta Isla, en relación con el artículo 2°. de la misma, las concesiones administrativas de aguas públicas para riegos, ú otros aprovechamientos especiales, son títulos inscribibles en el registro de la propiedad, como quiera que no autorizan á los concesionarios para disponer libremente de las aguas, sino en el aprovechamiento especial para que fueran concedidas, como lo establece el artículo 153 de la Ley de Aguas de 5 de febrero de 1886, que es la vigente al prescribir que ''las aguas concedidas para un aprovechamiento no podrán aplicarse á otro diverso sin la formación de expediente como si se tratara de una nueva concesión,'' es evidente que no pueden inscribirse aisladamente como lo pretenden los recurrentes, sino con relación á la finca para cuyo beneficio fueran concedidas, y como un derecho inherente á la misma, á diferencia de los contratos relativos á las aguas de propiedad particular, que pueden ena-

jenarse libremente y que son inscribibles siempre que modifiquen de algún modo las facultades del dominio sobre bienes inmuebles, como lo ha declarado la dirección general de los registros de la propiedad en su resolución de 27 de enero de 1864, y en otras posteriores.

*Considerando:* que esta doctrina es conforme á la establecida en la exposición de motivos que precede á la Ley de Aguas de 3 de agosto de 1866, de la que con muy pocas variantes procede la vigente, la que al tratar de los aprovechamientos comunes de las aguas públicas, y al determinar los carácteres generales que separan y distinguen el aprovechamiento del dominio, dice lo siguiente: "Este (el dominio) es un derecho absoluto é ilimitado sobre la cosa, que nos autoriza para hacer libremente de ella el uso que nos plazca, siempre que no lastimemos el derecho de otro. El dueño de una cosa lo tiene, no sólo para usar, sino para abusar de ella, sin que el poder público pueda impedir este abuso, mientras con él no cause perjuicio á tercero. El aprovechamiento, por el contrario, es un derecho limitado, sujeto á las condiciones impuestas por quien lo concede, y que no autoriza para abusar, sino sólo para usar en la forma y para el objeto concedido. El aprovechamiento es el uso á que por la misma naturaleza se hallan destinadas las cosas comunes, revestido de aquellas formas que el poder público juzga indispensables para evitar conflictos y para que á todos alcance ese uso cuando es posible, y cuando no, á aquéllos que puedan obtener de él ó proporcionar al público mayores ventajas. Por eso la comisión no reputa jamás á los concesionarios de aguas públicas, como verdaderos dueños de éstas, ni aún después de separadas de sus cauces naturales; sino como meros usuarios limitados al objeto para que se les concedieron, y sujetos siempre á la vigilancia de la administración, encargada de precaver todo abuso y desperdicio"; doctrina con la cual es conforme también la opinión de los ilustrados comentaristas D. León Galindo y Vera y D. Rafael de la Escosura y Escosura los que, al comen-

tar èn el tomo 2o. de su interesante obra sobre comentarios á la ley hipotecaria de España, el art. 8º. de la misma, y al explicar las reglas que deben observarse para la inscripción de las aguas públicas cuando su distribución se halla reglamentada por ordenanzas especiales, como sucede en Valencia, Castellón y otros puntos de .España, dicen lo siguiente: "La distribución de las aguas (en dichos pueblos) está arreglada por las ordenanzas municipales y las aprovechan tan sólo las tierras por donde discurren, sin que puedan regarse otras distintas con aquella agua. Los dueños de la tierra regada no lo son de las aguas; de manera que no pueden disponer de éstas separadamente de la finca: no utilizan las aguas, porque en ella tengan derechos, sino porque son dueños de las tierras á las que está inherente el riego".

*Considerando,* por tanto, que no estando inscrita la hacienda "Adela" á favor de los recurrentes Don Guillermo Alvarez y la Sucesión de Don Ciprián Blondet no pueden pretender se inscriban á su favor separada é independientemente de aquella finca, las concesiones de aguas del río del "Real", que les fueran otorgadas por el Gobierno Superior Civil de esta Isla como dueños de la referida hacienda y para el riego y aprovechamiento de la misma.

*Vistas* las disposiciones legales citadas.

*Se confirma* la nota denegatoria del Registrador de la Propiedad de Guayama que motiva el presente recurso y devuélvansele los documentos presentados con copia certificada de la presente resolución para su conocimiento y demás efectos procedentes con arreglo á derecho.

*Confirmada.*

Jueces concurrentes: Sres. Hernández, Figueras, MacLeary y Wolf.